UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00288-RJC
3:19-cr-00046-RJC-DSC-2

| | |
|---|---|
| **RAMON PERRY GIVENS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Court's review of the docket in this matter.

On May 15, 2023, Petitioner Ramon Perry Givens ("Petitioner") filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 1] and a motion to appoint counsel [Doc. 2]. The Court conducted its initial screening of the motion under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and found that it had not been signed by Petitioner under penalty of perjury in violation of Rule 2(b)(5), 28 U.S.C.A. foll. § 2255. [Doc. 3]. The Court also noted that Petitioner had failed to use the proper form to submit his motion. [Id.]. The Court ordered that Petitioner must complete and return his motion to vacate on the proper form, signed under penalty of perjury, within 20 days of May 23, 2023. [Id.]. The Court admonished Plaintiff that the failure to do so may result in the dismissal of this action without prejudice. [Id.]. A copy of that Order and a blank Section 2255 form were mailed to Plaintiff the same day at his address of record, Southside Regional Jail, 244 Uriah Branch Way, Emporia, Virginia 23847. [5/23/2023 (Court Only) Docket Entry]. On June 6, 2023, these items were returned to the Court as "not deliverable." [Doc. 4]. The Clerk resent the Order and the blank Section 2255 form to Petitioner to the address of record since Petitioner had not notified the Court of any new address. [6/7/2023 (Court Only)

Docket Entry]. Recently, the items were again returned to the Court. [Doc. 5]. This time, the Plaintiff's address was marked over with black marker. [See id.]. The deadline to submit a completed, signed motion to vacate has expired and Petitioner has not complied. Moreover, Petitioner has a duty to notify the Court of any new address and he has not done so, making it impossible for the Court to communicate with him. The Court, therefore, will dismiss Petitioner's motion to vacate without prejudice for his failure to prosecute.

## **ORDER**

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED without prejudice** for Petitioner's failure to prosecute.

The Clerk is respectfully instructed to terminate this action.

Signed: June 27, 2023

Robert J. Conrad, Jr.
United States District Judge

2

Case 3:23-cv-00288-RJC   Document 6   Filed 06/27/23   Page 2 of 2